## HOWE GRAIN & MERCANTILE CO. v. TAYLOR.

(Court of Civil Appeals of Texas. San Antonio. April 24, 1912. Rehearing Denied May 29, 1912.)

1. VENUE (§ 32\*) — CHANGE OF VENUE — WAIVER OF RIGHT.

Where defendant filed a plea of privilege to be sued in another county, and entered into a stipulation as to the evidence that should be considered thereon, the filing of a motion to suppress a deposition taken by plaintiff was a waiver of that plea, since, as the deposition could not be considered in passing on the plea, defendant could not contend that the motion to suppress was only to preclude the use of matter in it affecting the question of privilege.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.\*]

2. SALES (§ 196\*) — PAYMENT — PAYMENT BY DRAFT—WAIVER OF OBJECTION.

Where the seller of cane seed repudiated its contract on the ground that the purchaser was attempting to change the contract by requesting the seed to be free from Johnson grass, it cannot later justify its refusal on the ground that. the purchaser made a payment by draft on New York, instead of in Dallas, exchange, as was provided in the contract; the exchange not being objected to and being undoubtedly substantially satisfactory.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 510; Dec. Dig. § 196.\*]

3. SALES (§ 96\*) — RESCISSION — JUSTIFICATION.

Where a contract for the sale of cane seed did not require it to be free from Johnson grass, the buyer's request that the seed be free from that grass does not warrant the seller in repudiating the contract; the buyer not attempting to repudiate the contract, even if the request be refused.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 261; Dec. Dig. § 96.\*]

4. SALES (§ 96\*) — CONTRACTS — MEETING OF MINDS.

A contract for the sale of cane seed cannot be avoided by the seller merely because the buyer intended it to be free from an injurious grass, while the seller did not so understand, where there was no repudiation by the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 261; Dec. Dig. § 96.\*]

5. APPEAL AND ERROR (§ 1062\*)—REVIEW— HARMLESS ERROR.

Where a contract was valid despite the buyer's intention, the submission of the issue of the meeting of the minds was not prejudicial to the seller.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.\*]

6. APPEAL AND ERROR (§ 1062\*)—REVIEW— HARMLESS ERROR.

Where a seller's attempted defense was insufficient as a matter of law, the submission of the issue was harmless to the seller.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.\*]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by I. M. Taylor against the Howe Grain & Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Clark & Bliss, of San Antonio, for appellant. Kleberg & Stayton, of Corpus Christi, for appellee.

JAMES, C. J. The action was brought in the county court of Nueces county by I. M. Taylor against appellant for $450 as damages for the breach of a contract between them for the sale and delivery by appellant to appellee of three car loads of cane seed. Plaintiff recovered judgment for $370.

[1] Appellant's first assignment is that the court erred in overruling defendant's plea of privilege to be sued in Grayson county, where it had its domicile. Briefly stated, the circumstances of this ruling were substantially as follows:

Appellant duly filed its plea of privilege, and did nothing to waive it, unless as will be explained. While pending appellee took the deposition of one Crouch. When the September term came, at which the cause was tried, a jury had been called for by appellant, and the case stood on the jury docket. Counsel entered into an agreement that the plea should be taken up and tried by the court without a jury upon the facts that had been agreed upon prior to a trial before the jury on the merits; and the court was informed by counsel of this agreement, and before the court had reached this case, and before the plea of privilege had been passed upon, appellant filed a motion to quash the aforesaid deposition. The court overruled the motion to quash. Afterwards, and before announcement of ready, appellee came in with a motion to overrule and hold of no effect the plea of privilege, upon the ground that the filing and prosecuting of said motion to quash the deposition constituted an appearance of defendant for all purposes, inasmuch as in said motion to quash defendant attacked the deposition on the ground that the witness had failed to answer cross-interrogatories that had been propounded to the witness by defendant, which said cross interrogatory or interrogatories did not seek to bring out testimony or facts seeking to establish or having reference to the plea of privilege, but were addressed to the merits of the case. The court sustained the motion, overruled the plea, and defendant excepted.

The bill of exception shows, and it is conceded, that an agreement was entered

---

into to submit the plea of privilege to the court, without a jury, upon certain facts which had been agreed upon by the parties. The record shows what these agreed facts were, consisting in large part of the correspondence between the parties; the agreement concluding as follows: "The purpose of this agreement is to establish the fact that the foregoing transactions actually took place between the plaintiff and defendant. Objections at the trial of the case to the admissibility of the letters, telegrams, or parts of both, on other grounds, are not waived or precluded." The deposition of Crouch formed no part of the testimony upon which the plea was to be submitted, though it may have, as is claimed, contained matter relevant to that issue..

The whole contention of the assignment is that appellant did not waive the plea by moving the court to suppress the deposition for the reason that to a certain extent the deposition contained matter relevant to the issue of venue. Appellant, having agreed to the testimony upon which the plea should be submitted, which was exclusive of the said deposition, is not in a position to claim that his action in moving to strike out the deposition was merely for the purposes of said plea, and hence was no waiver of the plea. The motion to quash the deposition was clearly not in behalf of the plea, but for the purposes of the cause generally, and, by invoking the court's action upon it at that time and for such purpose, appellant submitted itself to the court's jurisdiction.

The assignments 1 and 2 are therefore overruled.

[2] The third assignment is that the court erred in refusing a peremptory instruction for defendant; appellant claiming in this behalf (1) that the minds of the parties never met upon the subject-matter of the contract in the same sense, for the reason that appellee had in mind and was bargaining for cane seed free from Johnson grass seed, and appellant for cane seed, regardless of whether or not it was free from Johnson grass seed; (2) that, if a contract was in fact made, it did not bind appellant to furnish cane seed free from Johnson grass seed, and, as appellee demanded from appellant cane seed free from Johnson grass seed, appellant was justified in declaring the contract at an end; and (3) that, if a contract existed, then by the terms of the contract, appellee was bound to at once send to appellant Dallas exchange in the sum of $350 as advance payment on the seed, and appellee, instead, sent New York exchange for the amount, for which appellant had the right to abrogate the contract.

The evidence was to the effect that on December 20, 1910, appellants wrote three letters booking appellee's order for three car loads of recleaned red top cane seed, stating the terms. On December 22, 1910, appellee answered by wire: "We accept

cane seed per your confirmation of twentieth. Is this satisfactory?" The answer was: "All right send Dallas exchange immediately to margin." This closed a contract for the car loads of recleaned red top cane seed. There is no dispute in the evidence of the fact that that description of seed is not required to be free from Johnson grass seed. What was to be sent by Dallas exchange was the sum of $350, advance payment on the contract. On December 23d, the day after the contract had been closed, appellee wrote the Howe Grain Company, stating that it had that morning mailed the latter New York exchange for $350 "margin to cover your request." The letter was of some length, giving, among other things, shipping instructions, and contained this expression: "We have all this seed sold at a nice profit, and trust that you will see that we get nice recleaned seed, free from Johnson grass, and hope that you will make a nice profit for yourselves." On December 26th the Howe Grain Company wrote appellee: "Your several favors of the 23rd received and we return herewith your New York exchange for $350.00. Our price to you, $2.45, was correct on the average cane seed. As to the point of destination, it would be immaterial whether Georgetown, Yorktown, Bastrop or Beeville. We notice, however, that you introduce another new feature and call for seed free from Johnson grass. Now then, there was nothing said about Johnson grass in our quotations and not at any other time, and we therefore cancel the orders. This is final. Yours truly, The Howe Grain Co., per J. A. Hughes, Mgr." On December 28th appellee replied by letter acknowledging receipt of said letter of the 26th, stating: "Now, Mr. Hughes, we have all three cars sold just in the same manner we bought them from you or as per your confirmations sent us dated Dec. 20th. This is entirely satisfactory to us and we are relying on you to ship us this seed to the letter as your confirmations read regarding price and quality; that is recleaned cane seed in even weight bags. That is all we require and we did not say that you had to ship seed free from Johnson grass, but simply mentioned this to you so you could advise your shippers, and these things should be appreciated by you instead of being turned down flat with such treatment as we have been receiving from you, etc. Kindly let this be final and ship us these seed as we have them sold and are depending on you to fill these orders for us." On December 29th appellant wrote: "Yours 27th received and carefully noted. We return again the exchange for $350.00 and beg to advise that, as already stated, we have canceled the sale. We gave you a fair chance at the business, but we do not like to have new features introduced, and have a perfect right, as we understand trade rules, to cancel the sale. This ends the matter so far as we are concerned." It appears that

on the morning of the 23d the New York draft for $350 was mailed. Not until the 26th was it returned, and then with a letter announcing that defendant canceled the contract upon another stated ground. A second time this exchange was returned without complaint as to its character. The New York exchange was undoubtedly satisfactory, substantial compliance with that feature of the trade, and we overrule all contentions based upon that matter.

[3] As to the Johnson grass seed feature, the cancellation upon that ground was unjustifiable. The rule is well established that, in order for one party to a contract to be justified in treating it as broken by the other, there must have been a distinct and unequivocal intention manifested either by the words or conduct of the other not to perform the contract. Majestic Milling Co. v. Copeland, 93 Ark. 195, 124 S. W. 521; Steinlein v. Blaisdell, 44 S. W. 200. The contract had been made and defendant was not by it obligated to furnish seed free from Johnson grass seed. Plaintiff did not in terms refuse to receive any but seed without Johnson grass seed. The expression was consistent with a mere request. Immediately on receiving the letter of cancellation plaintiff wrote so declaring. The question of plaintiff's intent in this regard was, however, submitted to the jury and they found against defendant. We therefore overrule all the assignments based upon either of said contentions.

[4, 5] The contract entered into being for seed not free from Johnson grass seed, it mattered not so far as the obligation of the performance of the contract was concerned what secret understanding regarding it prevailed in the mind of either party as to the subject-matter, so long as there was no repudiation of it. Watrous v. McKie, 54 Tex. 71; Cheveral v. McCormick, 58 Tex. 440. We therefore overrule all assignments founded upon that theory. Inasmuch as the subject-matter of the contract was clear, if the court erred in submitting to the jury whether or not the minds of the parties met on the subject-matter, it was error in favor of the defendant. The court charged correctly the measure of damages applicable to this case, hence we overrule all assignments of error on that subject. Adler v. Kiber, 5 Tex. Civ. App. 415, 27 S. W. 23.

[6] The assignments which criticise the third, fourth, fifth, and sixth clauses of the court's charge are overruled. This has reference to the assignments from 15 to 21, inclusive. The fifteenth and sixteenth complain of paragraph 3 of the charge, wherein the court evidently was submitting to the jury the effect of the failure of plaintiff to send defendants Dallas exchange. As we have held that plaintiff waived that feature by its conduct in dealing with the New York exchange and afterwards declaring the con-

tract canceled upon a different ground, the submission of such matter was not prejudicial to defendant. The contract was, in fact, binding on the parties, and if said paragraphs are intended to be attacked because they submitted, among other things, whether or not it was binding, no harm accrued to appellant therefrom for the reason that the contract was binding and the jury so found. The same remarks apply to the other of said assignments.

We overrule the twenty-third assignment, as the paragraph of the charge complained of was correct. It related to the measure of damages.

Judgment affirmed.