## BRUCK BROS. v. LIPMAN, SPEIR & HAHN. (No. 6518.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1921.)

**1. Evidence ⬤⟐71—Presumption of delivery of letter arises only after proof of due mailing.**

The legal presumption that a letter was delivered to the addressee arises only after proof that the letter was properly addressed, stamped with the proper postage, and mailed, and that the usual time for transmission of mail between the points had transpired.

**2. Evidence ⬤⟐71—Probable time for transmission during war should be proved.**

The uncertainty of the mails during the war with Germany is well known, so that, to raise the presumption of delivery of a letter canceling an order before the goods were shipped, the probable time necessary for transmission of the letter should have been proved.

---

⬤⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial ⬥�て404(1)—Finding letter was not received is finding facts did not establish presumption.**

A finding by the trial court that a letter mailed to plaintiffs was not received is equivalent to a finding that the circumstances of the mailing proved by the evidence did not raise the presumption of the reception of the letter.

**4. Sales ⬥➤340—Seller can hold return goods for buyer and sue for price.**

Where the seller shipped goods to the buyer before he received a letter canceling the order, he can, after the goods were returned to him, hold them subject to the orders' of the buyer and sue for the purchase price.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by Lipman, Speir & Hahn against Bruck Bros. Judgment for the plaintiffs in the county court on appeal from the justice of the peace, and defendants appeal. Affirmed.

Nathan Patten, of Waco, for appellants.
H. P. Jordan, of Waco, for appellees.

FLY, C. J. Appellees sued appellants in the justice's court upon a verified account for certain merchandise sold and delivered by them to appellants of the value of $121.79, and obtained judgment. On appeal to the county court the same judgment was rendered.

There is no statement of facts, but the findings of fact show that, at the instance and request of appellants, the appellees, on November 14, 1918, shipped to them from New York to Waco, Tex., "certain strictly military novelties" of the value of $121.79. On November 7, 1918, appellants wrote a letter to appellees countermanding the order, but there was no evidence that the letter was received by appellees. The goods arrived at Waco on November 18, 1921. When the goods arrived appellants would not receive them and sent them back to appellees, at New York, and they have since been held by appellees subject to the order of appellants.

[1] There is a finding that the major portion of the novelties were to be manufactured for appellants by appellees, and also that they were shipped at the earliest opportunity. There was evidence to the effect that a letter countermanding the order for the goods was mailed to appellees at their place of business on November 7, 1918, one week before the goods were shipped by appellees. If that mailing had been accompanied with the necessary proof, the legal presumption would arise that appellees received it. 21 R. C. L. p. 764, § 36. To raise the presumption of delivery, however, certain essentials must be proved. It must not only be proved that the letter was properly addressed and mail-

ed, but that the proper postage was on the letter, as well as the usual time that was taken for delivery of mail between place of mailing and New York in November, 1918. Nothing seems to have been proven in this case except that a letter from appellants to appellees, addressed to them at their place of business in New York City, was mailed. Where the letter was mailed or whether it was properly stamped was not shown, nor as to the usual time of the delivery of mail between the two points was there any proof.

[2, 3] The uncertainty of the mails during the war of America with Germany is well known, and there should have been proof as to the probable time it would at that time have taken for a letter to reach New York from the place where it was mailed. The court affirmatively found that there was no proof that appellees received the letter, which was equivalent to a finding that the circumstances of the mailing did not raise a presumption of the reception of the letter. The case must therefore be considered as though no notice of cancellation of the order was received by appellees before the goods were shipped, and this case would not come within the purview of the decisions in Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165, Tufts v. Stuart, 23 S. W. 834, and Adler v. Kiber, 5 Tex. Civ. App. 415, 27 S. W. 23.

[4] The goods were sent back to appellees at the instance of appellants and have been since held by appellees subject to the order of appellants Appellees were authorized, when appellants refused to receive the goods, to hold the goods subject to the order of appellants and to sue for the price of them, and this they chose to do. Welden v. Texas Meat Co., 65 Tex. 487; Avant v. Watson, 57 Tex. Civ. App. 304, 122 S. W. 586.

The judgment is affirmed.

---

⬥➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes