## MIDLAND RUBBER CO. v. WALDMAN.
### (No. 881.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 12, 1922.)

1. Appeal and error ⚎547(2)—Assignments of error as to findings of fact and conclusions of law not prepared by court, not considered where no bill of exceptions is taken.

Where no findings of fact, in a jury trial, or conclusions of law were prepared and filed by the court, and there is no bill of exceptions showing that any request for them was made or refused, the appellate court will not review the assignments of error in connection with such findings of fact and conclusions of law.

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Sales ⊂⇒52(5)—Defense of cancellation of order not sustainable in absence of proof that letter of cancellation was properly addressed and mailed in due time.**

The purchaser, to show he canceled his order, by letter, must show that the letter was placed in the mail, properly addressed to the seller, and properly stamped, at a date affording time for it to reach the seller in due course of mail before shipment, and hence, in action for merchandise shipped, it was insufficient to introduce a copy of a letter instructing seller not to ship without showing that such letter was properly addressed and stamped and mailed to seller.

**3. Evidence ⊂⇒71—Where letter canceling order is mailed in time to reach seller before shipment, burden upon seller to overcome presumption it was received before shipment.**

Where proof is made that a letter canceling an order of merchandise was properly addressed, stamped, and mailed in time to reach the seller before shipment of the goods, the presumption attaches that the seller received the letter of cancellation before shipment, and the burden is upon him to show the contrary.

**4. Appeal and error ⊂⇒1177(7)—New trial ordered to permit introduction of evidence omitted by oversight.**

Where, in an action for merchandise shipped, defendant did not sustain his defense of cancellation of order because of his oversight in failing to show that a letter instructing seller not to ship goods was properly stamped, addressed, and mailed in time to reach seller before shipment of goods, the appellate court will not reverse the judgment and render it for seller, but will reverse it, and order a new trial.

Appeal from Hardin County Court; Thos. F. Teel, Judge.

Action by the Midland Rubber Company against A. H. Waldman. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

B. L. Aycock, of Kountze, for appellant.
A. L. Bevil, of Kountze, for appellee.

HIGHTOWER, C. J. Appellant sued appellee in one of the justice courts of Hardin county on a verfied account for merchandise amounting to $170.50. Appellee answered, denying the account in toto, and this was verified, and further answered that the order which appellee had given for the merchandise was canceled by him before the merchandise was shipped. Judgment in the justice court was in favor of appellee, and appellant appealed to the county court, where the trial was upon the same pleadings, and the judgment there was in favor of appellee. Hence this appeal.

[1] The trial in the county court was without a jury, and no findings of fact or conclusions of law were prepared and filed by the court. Counsel for appellant, however, makes the statement in his brief that the trial court was requested to prepare and file findings of fact and conclusions of law, but there is no bill showing that any such request was made and refused, in the absence of which we cannot review the assignment on this point. Springfield Fire & Marine Insurance Co. v. Whisenant, 245 S. W. 953, recent decision by this court, and authorities there cited.

[2, 3] By another assignment appellant complains that the judgment is without support in the evidence, in that appellee failed to prove a cancellation of the order for the merchandise prior to its shipment to him, and that in the absence of such proof the court was in error in rendering judgment for appellee. This contention we must sustain. The evidence shows that in the early spring of 1920 appellee ordered from appellant, at St. Louis, Mo., through the latter's salesman, the merchandise, the price of which was sued for here, the order calling for shipment on July 30th following. The merchandise was shipped by appellant to the appellee in accordance with the order, and reached appellee, but he refused to accept the shipment, which consisted of a number of raincoats, and refused to pay for same, and requested appellant to order the merchandise shipped back to St. Louis, which appellant declined to do. Upon the trial there was no denial by any proof that the merchandise was shipped by appellant in accordance with the original order, but the only attempt at defense by proof was that appellee, on June 2, 1920, which was before the goods were shipped, by letter, canceled the order. In support of this defense, appellee, on the trial, introduced what he testified was a copy of a letter to appellant, dated June 2, 1920, stating to appellant that appellee desired to cancel the order, and instructing appellant not to ship the goods. There was no proof that this letter was ever placed in the mail, properly addressed to appellant and properly stamped, and in the absence of such proof the defense of cancellation of the order was not sustained. Where a contract for the sale and purchase of merchandise is made, and shipment to the purchaser is to be made at some later date, the purchaser, if he desired to cancel his order, and undertakes to do so by letter, must, before he can successfully defend against the seller's suit for the price, on the ground of cancellation of the order, show that the letter of cancellation was placed in the mail, properly addressed to the seller, and properly stamped, and that this was done at such date as would afford time for the letter to reach the seller in due course of mail before the shipment was made. Where such proof is made, the presumption attaches that the seller received the letter of cancellation

before shipment, and, if he would show the contrary, the burden is upon him to do so. 21 R. C. L. §§ 36, 37, pp. 764, 765; Bruck Bros. v. Lipman, etc. (Tex. Civ. App.) 228 S. W. 303.

[4] In this case appellee did not show by any evidence that the claimed letter of cancellation was ever placed in the mail properly addressed to appellant, or that there was ever placed upon the letter the necessary postage, or that, if mailed at all, when. Failure to make this proof might have been an oversight, and we will not, therefore, reverse and render the judgment, as prayed by appellant, but have ordered reversal of the judgment and remand of the cause for another trial.