ULLMAN, LEWIS & Co. v. P. S. BABCOCK.

(Case No. 1910.)

1. MEASURE OF DAMAGES.—The measure of damages for a failure to deliver in accordance with the contract specific articles is the difference between the contract price and their value at the time and place when they should have been delivered. Proof of value at any other time is inadmissible.

2. CONTRACT — AMBIGUITY — DELIVERY.—In a written contract between a wholesale house and a customer for the purchase of specific articles, the following language occurred descriptive of the thing bought: "15 bbls. T. J. Monarch $2.50, 1880, laid in Laredo direct from distillery, same as gauger leaves it." *Held:*

(1) It was competent to show by parol that it described fifteen barrels of whisky of the T. J. Monarch brand, manufactured in 1880, at the price of $2.50 per gallon.

(2) That the words "laid in Laredo, direct from the distillery," bound the seller to deliver the whisky in Laredo within a reasonable time.

3. HANDWRITING — EVIDENCE.— When it is shown that letters are received by due course of mail, purporting to be in response to letters mailed to the party whose name appears to be subscribed to such letters so received, their genuineness will be presumed, and proof of handwriting will not be required.

4. CONTRACT, RESCISSION OF.— If after the making of an executory contract for the delivery of goods, the purchaser, who has not paid the contract price, becomes insolvent, the vendor may refuse to deliver, without being liable therefor.

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

*Showalter & Nicholson*, for appellants, cited: Smithwick v. Andrews, 24 Tex., 488–495; Gilkey v. Peeler, 22 Tex., 669; Kimbro v. Hamilton, 28 Tex., 560; Garner v. McGowan, 27 Tex., 490–91; Furlong v. Polly, 50 Am. Dec., 636; Masterson v. Mayor of Brooklyn, 42 Am. Dec., 46, 47, and note 48; Miller v. Mariner's Church, 20 id.,

344; Turnly Bros. & Co. v. Weiss & Trigg, White & Willson, App. Cases, sec. 1280.

*Scott & Levi*, for appellee, cited: Randon v. Barton, 4 Tex., 289; Heilbroner v. Douglass, 45 Tex., 402; Wood's Mayne on Damages, sec. 205 and notes; 1 Sutherland on Dam., p. 75; 2 id., pp. 365–367; Benjamin on Sales, sec. 1305 and notes; Briscoe v. Bronaugh, 1 Tex., 326; Long v. Steiger, 8 Tex., 460; Gammage v. Trawick, 19 Tex., 58; Baldridge v. Gordon, 24 Tex., 288; Powell v. Haley, 28 Tex., 56.

STAYTON, ASSOCIATE JUSTICE.— This action having been brought to recover damages for the failure of the appellants to deliver to the appellee fifteen barrels of whisky of a particular description, at the city of Laredo, within a reasonable time after they had agreed to do so, the appellants sought to prove, by a witness, on the trial, which was had on April 8, 1884, that whisky of the given kind had constantly declined in price from the time the contract was made (September 20, 1882) until the time of the trial.

This evidence was objected to and excluded; and properly so, for it was unimportant what the value of that kind of whisky may have been after the time at which it should have been delivered.

The true measure of damage would be the difference between the contract price and the value at the time and place at which, under the contract, it ought to have been delivered. And proof of its value at other times was irrelevant.

The court did not err in admitting in evidence the contract through which the appellants, through their agent, agreed to sell and deliver to the appellee.

The contract was made in duplicate, one of which was taken by the agent of the appellants, and the other was retained by the appellee, and seems to be in a form common to such transactions. That offered in evidence was the duplicate kept by the appellee and was as follows:

" Original.

" Salesman, ——— ———.

" No. —.                                                      188—.

" Messrs. Ullman, Lewis & Co., Houston, will please ship the undersigned at once.                              P. S. BABCOCK,

" Case.                                                        Laredo.

" Terms 4 months, 6 and 8 months.

" ——— ——— hereby agree to pay to the firm of Ullman, Lewis & Co., at Houston, county of Harris, state of Texas, for the following

goods, and all others heretofore or hereafter bought or ordered from them, together with twelve per cent. per annum from maturity of bill:

"15 bbls. T. J. Monarch, 2.50, 1880, laid in Laredo direct from distillery, same as gauger leaves it.                DE MILLY."

It was proved by one of the appellants, and otherwise, that De Milly was the agent of Ullman, Lewis & Co., engaged in selling whiskys for them, and it was clearly shown that the language of the contract in reference to the thing sold and its price, meant fifteen barrels of whisky of the T. J. Monarch brand or make, manufactured in the year 1880, for the price of $2.50 per gallon. It was also proved that the contract was made September 20, 1882.

Nor did the court err in instructing the jury that under the contract the appellants were bound to deliver the whisky in Laredo within a reasonable time after the contract was made; for the words "laid in Laredo direct from distillery" are hardly susceptible of any other meaning.

There was no controversy as to the meaning of such parts of the contract as upon its face were ambiguous. There was no conflict in the testimony in this respect.

The appellee offered in evidence two letters purporting to be signed by the appellants, one of date September 24, 1882, and the other dated 27th of same month, which he testified were received by him at Laredo, by due course of mail, in answer to letters which he had written to them.

These letters were objected to on the ground that there was no proof of the genuineness of the signatures of Ullman, Lewis & Co., and the objection was overruled.

We are of the opinion that the facts furnished *prima facie* proof of the genuineness of the letters.

Mr. Greenleaf thus states the rule: "A further exception to the rule requiring proof of handwriting has been admitted in the case of letters received in reply to others proved to have been sent to the party. Thus, where the plaintiff's attorney wrote a letter addressed to the defendant at his residence, and sent by the post, to which he received a reply purporting to be from the defendant, it was held that the letter thus received was admissible in evidence without proof of the defendant's handwriting, and that letters of an earlier date in the same handwriting might also be read without other proof." 1 Greenleaf, 573a, citing Orenston v. Wilson, 2 Car. & Kir., 1. To the same effect are the following: Wharton's Law of Evidence, 1328; State v. Bradish, 14 Mass., 300; Chaffee v. Taylor, 3 Allen, 601.

These letters not only showed the agency of De Milly, but within themselves furnished proof of the execution of the contract by the agent, and of its terms, and the appellants' knowledge thereof; all of which, most probably, in the ordinary course of business, was derived from the duplicate forwarded or delivered to the appellants by De Milly.

The court gave to the jury the correct rule on the measure of damages, and the jury could not have been misled by the fact that, in the charge of the court, the word "value" was not qualified by the word "market."

The evidence introduced to show the value at Laredo at the time at which, under the contract, the whisky should have been delivered was such as, under the facts of the case, was admissible for the purpose of showing the market value at Laredo, and none other. We see no reason to doubt that a person who, by executory contract, has contracted to sell and deliver merchandise on a credit, may refuse to deliver in case of the insolvency of the purchaser, as rightfully as a seller may arrest merchandise in transit, when the contract has been so completed as to vest the title in the purchaser if he be insolvent.

The court instructed the jury that the appellants had the right to refuse to deliver if the appellee was insolvent, and gave the charge asked by appellants as to what would constitute insolvency.

There was evidence tending to show that the appellee was solvent at the time the whisky should have been delivered, and the finding of the jury on this issue is conclusive of that question.

That the simple neglect to pay a debt, or the levy of an attachment on a debtor's property, is not proof of insolvency is certainly true.

The evidence was conflicting as to the market value of the whisky at Laredo at the time at which it should have been delivered, but there was evidence reasonably tending to show that its value there was such as to justify the verdict; and it was for the jury to judge of the credibility of the witnesses, and the weight to be given to their testimony.

They having believed the testimony of the witnesses for the appellee, and there being nothing to induce the belief that the jury did not properly weigh the evidence, that there was evidence from which they might have come to a different conclusion furnishes no reason why a new trial should have been granted, and the court below correctly so ruled.

There is no error, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered January 16, 1885.]