## V. WELDEN V. TEXAS CONTINENTAL MEAT CO.

(Case No. 2136.)

1. VENDOR AND VENDEE—REFUSAL TO RECEIVE PERSONAL PROPERTY CONTRACTED FOR—SELLER'S REMEDIES—MEASURE OF DAMAGES—When a vendee refuses to receive personal property contracted for, the seller has either of three remedies : He may hold the property as the property of the vendee, and sue for the price ; or he may foreclose his vendor's lien upon the property by a fair sale of it, and sue the vendee for the portion of the agreed price he fails in this way to realize ; or he may treat the property as his own, and sue for damages. If the vendor elects the latter remedy, the measure of his recovery is the difference between the contract price of the thing refused and its market value at the date when it ought to have been received. (Citing 3 Parsons on Cont. 209.)

2. PLEADING—INCONSISTENT MATTERS OF DEFENSE—ESTOPPEL—A defendant is allowed to plead as many inconsistent matters of defense as he pleases to reduce to writing. He is not estopped by pleading his rights under a contract from claiming the advantage of any change in that contract, which legitimate proof may establish.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

The opinion states the case.

*Kleberg & Crain* and *Stayton & Kleberg*, for appellant, cited : Parsons on Cont., 3d ed., sec. 4, and note.

*Stockdale & Proctor*, for appellee, cited : 3 Parsons on Cont., 189, 190, 208, 209; 2 Parsons on Cont., 658, 677, 678.

ROBERTSON, ASSOCIATE JUSTICE.—On March 6, 1883, the parties to this appeal entered into a written agreement, by which the appellant contracted to furnish, and the appellee to receive, from May 1 to December 1, 1883, as many sheep as would amount to fifty head per day between those dates, not less than fifty head to be delivered at one time; the deliveries to be daily until changed by thirty days' notice to the seller, and, upon the option of the buyer, after ten days' notice, more than fifty head per day should be delivered. The contract thus authorized the appellee, after ten days' notice, to require a delivery of one hundred head each day, and in this way the number to be delivered under the whole contract would be materially increased. From May 1 to December 1, the aggregate number of the sheep delivered and received exceeded fifty head per day, but there were days, in that interval, in each month, when the appellee declined to receive any, although no notice was given under the contract that less frequent deliveries would be required. The course of dealing under the

contract was for appellant's agent to apply to appellee each night for an estimate or designation of the number required for the following day—if none were required, none were delivered—and whatever number was desired, whether more or less than fifty, was furnished.

Twice after the deliveries commenced the appellee gave appellant notice that a greater number than fifty head would be daily required, but the deliveries continued as before, upon and in accordance with orders given the night before. The appellant, however, prepared himself to meet the increased demand, and the appellee refused to receive them. After the expiration of the contract, the appellant brought suit for damages, alleging that the appellee refused to receive the number daily required by the contract and the notice given. The case was tried before the court, without a jury, and resulted in a judgment for the defendant, the appellee.

The court below concluded that the stipulation in the contract respecting the daily delivery of sheep, fixing the number, and the changes to be affected by the notice given, was abandoned, and that the plaintiff's proof was not sufficiently definite as to his damages to authorize a judgment in his favor. Several demands for damages are set up in the petition, but the proof tended to sustain only two: first, the deterioration in weight of the sheep contracted for by the pound, and, second, the loss of profits. The definite proof respecting the loss of weight was confined to two thousand head delivered "from September to October 10, 1883," upon which it was stated the loss was from six to eight pounds per head. These the appellant delivered, according to his own testimony, under an agreement with appellee that it would take all then on hand, with a deduction of two pounds on each sheep. There is no complaint that there was any breach of this special contract.

But the proof is very vague on this entire branch of the case. When the sheep delivered at any particular time were actually bought is not known. It is simply shown, in a general way, that they weighed less when delivered than they would have weighed if they had been received according to the contract. It appears that appellant bought them in lots of large numbers. The appellee was required, in no event, to receive more than one hundred per day. Some of them, under a strict performance of the contract, would thus be left to deplete for awhile on appellant's lean pastures, and how much thinner any lot of them got from being received as the appellee did receive them, than they would have been if the appellee had received them as he ought, the testimony does not show with sufficient certainty to enable a court to make a reasonably safe estimate of the damage.

The appellant testified that he would have made fifty cents per head on the sheep not received by appellee if the contract had been observed. If the appellee violated the contract, the appellant may have been entitled to recover the profits of it lost by its breach.   When a vendee refuses to receive personal property contracted for, the seller has either of three remedies : He can hold the property as the property of the vendee, and sue for the price ; or he can foreclose his vendor's lien upon the property by a fair sale of it, and sue the vendee for what of the price he fails in this way to realize; or, he can treat the property as his own, after the vendee's refusal to receive, and sue for damages.   If the vendor elects the latter remedy, the measure of his recovery is the difference between the contract price of the thing refused and its market value at the date when it ought to have been received.   3 Parsons on Cont., 209.

Treating the contract as severable, for any day the appellee refused to receive any sheep, the appellant, who elected the last of the three remedies stated, was entitled to tender the sheep, and, when refused, to institute his action for the difference between the contract price and the market value that day. He had a like remedy when less than the agreed number was received. ˙ There was no proof in this case of the market value of the sheep refused at any time during the being of the contract.   Without such proof, the court had no measure wherewith to ascertain the appellant's rights.   In his petition, he states there was no market value; that he endeavored to effect a sale and was unable to do so, but there was nothing of this in the evidence. The court's other holding is not unsustained by the testimony. The first delivery of sheep under the contract was of more than fifty head.   Sixteen out of the twenty-two deliveries in the month of May, were of more than fifty head.   In the whole month there was but one delivery of even fifty head.   Eight days before the expiration of the ten days' notice of demand of one hundred head per day, one hundred head on one day were delivered.   Twice in the month of June, once in July, twice in September, five times in October, and nine times in November, the deliveries exceeded, and in some instances largely, one hundred head.   During the whole period, out of one hundred and fifteen deliveries, there were but two instances where exactly fifty, and but six instances where exactly one hundred, head were delivered.

Each night the number required for the succeeding day was designated, and the court below may very well have held that instead of the ten and thirty day notices required in the contract, the parties tacitly and mutually substituted these daily notices.   To this extent

the original contract was abandoned.   The defendant is allowed to
plead as many inconsistent matters of defense as he pleases to reduce
to writing.   He is not estopped by pleading his rights under a con-
tract, from claiming the advantage of any change in the contract
legitimate proof may develop.   As changed, the contract was per-
formed by the appellee, and the judgment in its favor is affirmed.

AFFIRMED.

[Opinion delivered February 16, 1886.]

[Justice Stayton did not sit in this case.]