## LATHROP–MARSHALL GRAIN CO. v. NASH. (No. 346.)

(Court of Civil Appeals of Texas. Waco. April 1, 1926.)

**1. Sales ☞384(2).**

Measure of damage for failure to carry out executory contract for purchase of personal property is difference between contract price and market price at time and place of delivery.

**2. Sales ☞383.**

In action for breach of executory contract to purchase corn, seller *held* not entitled to recover, in absence of evidence of market price of corn at time and place of delivery.

**3. Sales ☞52(5).**

Finding that purchaser of corn was not to be bound until he received and accepted confirmation of sale *held* sustained under evidence.

**4. Sales ☞52(5).**

Finding that terms of contract for sale of corn, as contained in letters of confirmation, were different from terms which were accepted by purchaser dealing with seller's agent, *held* sustained under evidence.

Appeal from Kaufman County Court; W. T. Williams, Judge.

Suit by the Lathrop-Marshall Grain Company against Joe W. Nash. Judgment for defendant, and plaintiff appeals. Affirmed.

G. O. Crisp and James A. Cooley, both of Kaufman, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

BARCUS, J. Appellant instituted this suit against appellee, seeking to recover $525 damages which it claimed to have suffered by reason of appellee having breached and canceled a contract which appellant, through its agent at Dallas, claims to have made with appellee at Kaufman, Tex., whereby on October 16, 1923, it sold to appellee 5,000 bushels of corn at $1.01 per bushel to be delivered in January, 1924, and 5,000 bushels of corn at $1.01 per bushel to be delivered in February, 1924, f. o. b. Kaufman, Tex. The cause was tried to a jury and submitted on special issues, and on the findings of the jury and additional findings by the court judgment was rendered for appellee.

Appellant alleged that on October 16th it sold said corn for delivery in January and February, and that immediately thereafter it purchased 10,000 bushels of corn with which to fill said orders; that on October 24th it received from appellee a letter of cancellation, and that it did, on the 29th of October, sell said corn on the Kansas City market for the highest price obtainable between the date it received the notice of cancellation and the date of the sale; that it was compelled to pay on the Kansas City market 74½ cents per bushel, including brokerage, and on October 29th sold same for 69¾ cents, making a loss of 4¾ cents a bushel, or a total of $475, plus $50 that it had to pay its agent in Texas for making the original sale.

The only testimony in the record relating to the price of the corn involved in this litigation was with reference to the Kansas City market for immediate delivery in October and for delivery in December, 1923. Appellant's witnesses testified that at the time the contract was made it did not have the

corn on hand, but it immediately purchased same for December delivery in Kansas City at 74½ cents per bushel, and that it thereafter sold same for December delivery at Kansas City for 69¾ cents. The record shows that at the time the contract in question was entered into corn for immediate delivery was worth on the Kansas City market 96 cents per bushel, and for December delivery the market was shown to be, on October 16th, 74½ cents, on October 24th, 68⅝ cents, on October 29th, 69¾ cents, and on November 8th, 75⅛ cents per bushel, and that after November 8th the corn market continued to go up. There was no evidence offered showing what the corn market for delivery in January or February, 1924, on the Kansas City market was, and no testimony was offered to show the market price of corn in Kaufman, Tex., the place of delivery, at any of said dates.

[1, 2] It is the well-established rule in Texas that the measure of damages for failure to carry out a contract for the purchase of personal property under an executory contract is the difference between the contract and the market price at the time and place of delivery. Ullman v. Babcock, 63 Tex. 68; Welden v. Texas Continental Meat Co., 65 Tex. 487; Stephens v. Kansas City Life Ins. Co. (Tex. Civ. App.) 233 S. W. 352; Planters' Oil Co. v. Gresham (Tex. Civ. App.) 202 S. W. 145; Adler' v. Kiber, 27 S. W. 23, 5 Tex. Civ. App. 415; Burleson & Baker v. Sugarland Industries (Tex. Com. App.) 255 S. W. 165; Specialty Furniture Co. v. Kingsbury (Tex. Civ. App.) 60 S. W. 1030; Texas Seed & Floral Co. v. Chicago Set & Seed Co. (Tex. Civ. App.) 187 S. W. 747; Steinlein v. S. Blaisdell Co. (Tex. Civ. App.) 44 S. W. 200. There being no evidence that the market price of corn was at any time in Kaufman, the place of delivery, less than the sale price, appellant was not under any phase of the case entitled to recover.

[3, 4] Appellee testified that at the time he purchased the corn from appellant's agent at Dallas over the telephone it was understood that he would not be bound until he received and accepted the confirmation of said sale from appellant's office in Kansas City, Mo., that when the confirmation did come a few days thereafter it was much more onerous than the terms under which he had purchased from appellant's agent, and that he therefore refused to accept same. The jury found that it was the understanding between appellant's agent and appellee that the contract would not be binding until the confirmation had been sent from Kansas City and had been accepted by appellee, and they found that the terms of sale as made by appellant's agent and those contained in the letters of confirmation were different, and found that appellee did not purchase the corn from appellant on the terms which appellant claims. We think these issues are supported by the testimony, and if there had been evidence of a depreciation in the market price of corn on the Kaufman market, under the findings of the jury, the court was authorized to enter judgment in favor of appellee.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.