HARKEY et al. v. HINDMAN. (No. 3251.)

Court of Civil Appeals of Texas. Amarillo. June 12, 1929.

Rehearing Denied July 10, 1929.

152

T. J. Sanders, of Spur, for appellants.
W. D. Wilson, of Spur, for appellee.

JACKSON, J. This suit was instituted in the county court of Dickens county, Tex., by the plaintiff, W. H. Hindman, against the defendants, Roy L. Harkey and L. A. Hindman, to recover the sum of $325 as damages for the alleged breach of a contract for the repurchase of a secondhand automobile.

Plaintiff alleges:

That the defendants were partners and engaged at the town of Spur, in Dickens county, Tex., in the business of buying and selling automobiles. That about August 7, 1928, the defendants sold the plaintiff a secondhand Chrysler "70" automobile for the sum of $625. That plaintiff was ignorant of the condition and value of said automobile and contemplated the purchase of a new automobile in the fall of 1928, which fact was known to the defendants. That in order to induce plaintiff to purchase said secondhand Chrysler automobile, the defendants represented to him that said car was in good condition and worth $625, and also represented and agreed with plaintiff that if he would purchase said Chrysler automobile for $625, the defendants would, at any time before January 1, 1929, repurchase said car from plaintiff by allowing him $625 on the price of any new automobile sold by the defendants that the plaintiff might desire to purchase. That relying on said representations and agreements, the plaintiff purchased said secondhand Chrysler automobile from the defendants for the sum of $625 and paid them therefor. That but for such representations and agreements upon which the plaintiff relied, he would not have purchased said secondhand car.

That thereafter, on numerous occasions during the fall of 1928, the plaintiff, being desirous of purchasing a new automobile from the defendants, tendered to defendants said Chrysler automobile in accordance with the terms of the agreement theretofore made, as a payment of $625 on a new Plymouth automobile. That the plaintiff at all such times was ready, able, and willing to deliver the secondhand Chrysler automobile to the defendants and make the balance of the payment of the purchase price for the new Plymouth automobile. That the defendants several times promised and agreed to deliver to plaintiff said new automobile and accept and allow him $625 on the purchase price thereof for said secondhand Chrysler automobile theretofore purchased from them by the plaintiff, but failed and refused to carry out and perform their said agreement to repurchase said secondhand Chrysler automobile and allow plaintiff the sum of $625 on the purchase price of said new car, to plaintiff's damage in the sum of $325.

That said Chrysler automobile was not in good condition and was not of the value of $625 as represented by the defendants, and was not reasonably worth more than $300 at the time it was sold and delivered to him by the defendants. That the representations made to plaintiff were false and fraudulently made for the purpose of inducing plaintiff to buy said secondhand automobile. That plaintiff has taken good care of said secondhand Chrysler automobile during the time he has had it, and it is worth as much now as when received by him, ordinary wear and tear excepted, and it was agreed when he purchased the car that he might use it until he was ready to purchase a new car. That by reason of the failure and refusal of the defendants to carry out their agreement to repurchase said Chrysler automobile and allow plaintiff $625 on the purchase price of a new Plymouth automobile, he has suffered and sustained damages in the sum of $325, for which the defendants are liable and for which he sues.

The defendants answered by general demurrer and what is termed in their answer special exceptions. They also pleaded general denial, and alleged that on August 7, 1928, they sold and delivered to the plaintiff the secondhand Chrysler automobile for $450 cash and a secondhand Ford automobile which they accepted at a value of $175 and at the time of the sale agreed with plaintiff that if he desired at any time before January 1, 1929, the defendants would accept the secondhand Chrysler automobile in part payment on a new Chrysler automobile and allow $625 in part payment for the secondhand Chrysler so sold to plaintiff; that the defendants are now ready, able, and willing to comply with their contract, and have been ready, able, and willing since the day of the agreement; that the secondhand Chrysler automobile was in good condition at the time it was sold by the defendants to plaintiff, who inspected it, purchased it on his own judgment, and did not rely on any representations made by the defendants.

In response to the special issues submitted by the court, the jury found, in effect, that the defendants agreed with plaintiff in August, 1928, that if he would purchase the secondhand Chrysler automobile, the defendants would repurchase said automobile at any time before January 1, 1929, and allow plaintiff $625 therefor on the purchase price of a new Plymouth or any other kind of au-

tomobile sold by the defendants that the plaintiff might desire: that the agreement to repurchase said car for the sum of $625 was made in good faith by the defendants; that the market value of the secondhand Chrysler "70" automobile involved in this suit, at the time the defendants refused to accept same and allow plaintiff $625 therefor on the purchase of a new Plymouth automobile, was the sum of $325.

On these findings, the court rendered judgment for the plaintiff against the defendants for the sum of $300, with 6 per cent. interest thereon from the date of the judgment and for costs of suit, from which judgment this appeal is prosecuted.

■ The appellants present as error the action of the trial court in refusing to sustain a so-called special exception to plaintiff's petition, which, in fact, was but a general demurrer, urging that the proper measure of damages was not alleged.

It was not necessary for plaintiff to plead any specific rule for the measure of damages. All that is required is that he plead facts that authorize the recovery of damages, state the amount thereof, and the court will apply the rule for the measure of the damages which is authorized by the evidence. Davis v. Standard Rice Co., Inc. (Tex. Civ. App.) 293 S. W. 593.

■ ■ The appellants present as error the action of the court in refusing to give special issues requested by them, submitting to the jury whether or not they made any false representations to appellee regarding the condition or value of the car and whether or not said false representations were made to induce the appellee to purchase the secondhand car.

These issues, we think, were sufficiently covered by special issue No. 1, submitted by the court. It was not necessary, under the pleadings in this case, for appellee to show fraud in order for him to recover. The allegations of fraud in his petition were matters of inducement, and his cause of action was based on the alleged breach of the contract by the appellants to repurchase the secondhand Chrysler automobile and allow him therefor the sum of $625 on a new automobile. The jury found that the appellants made the contract alleged by appellee, in good faith, but they also found that said contract was breached by appellants, and for the breach, whether the contract was fraudulent or not, appellee was entitled to recover whatever damages he was able to show.

■ We think the court applied the correct measure of damages to appellee's recovery. The measure of damages for the failure to carry out an executory contract for the purchase and sale of personal property is the difference between the contract price and the market price at the time and place of delivery. Lathrop-Marshall Grain Co. v. Nash (Tex. Civ. App.) 282 S. W. 824; Bowden v. Southern Rock Island Plow Co. (Tex. Civ. App). 206 S. W. 124; Globe-Wernicke Co. v. B. Deutser Furniture Co. (Tex. Civ. App.) 155 S. W. 1007; Welden v. Texas Continental Meat Co., 65 Tex. 487.

■ The appellants challenge as error the action of the trial court in submitting to the jury whether or not the appellants agreed to allow appellee $625 on the purchase price of a Plymouth or any other kind of an automobile, because the appellants set up in their answer that their contract with appellee was for the purchase of a new Chrysler "70," and not a new Plymouth.

The appellants did not object to the issue as submitted by the court and did not present an issue as to whether or not the contract was for the sale by appellants to appellee of a new Chrysler "70," as contended in their pleading and proof. To have availed themselves of this issue, they should have requested that it be submitted to the jury. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

The judgment is affirmed.