**A. K. POLIS, Appellant,**

v.

**A. B. ALFORD, Appellee.**

No. 12717.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1954.

Rehearing Denied Dec. 8, 1954.

See also 267 S.W.2d 918.

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

J. F. Carl, Edinburg, for appellee.

POPE, Justice.

This suit concerns the application of the rule of minimizing damages sustained by

the breach of a contract. A. B. Alford sued and obtained a judgment for $670 against his landlord, A. K. Polis. The suit asserted the breach of a written farm lease executed on January 14, 1952. The lease provided that Alford should plant cotton on the property in question. The portion of the contract which was breached provided: "Lessor agrees to pay flat rate and bond taxes which may be assessed against said real estate." Because the lessor failed to comply with the quoted clause in the contract, Alford alleged that he was unable to obtain irrigation water and suffered a crop failure. Polis admits the breach but insists that Alford should have mitigated the loss by paying the flat rate himself, a sum of $18.75. He admits that he owes Alford $18.75, but insists that his liability should not exceed that amount. The question presented by the appeal is whether Alford's damages should have been limited to the sum of $18.75.

The water district, according to the evidence, delivers water to purchasers in the order in which they pay and refuses to deliver water when the flat rate assessment is delinquent. That charge became delinquent on February 1, 1952, and the landlord did not pay it on or before that date. When the flat rate assessment became delinquent the water user went to the bottom of the list. According to the record, on February 1st Alford's name was taken from the top of the list of persons entitled to water and was placed at the bottom of the list. The record shows that the water district had an available supply of water only for three days between February 1st and February 4th. In March the landlord paid the flat rate, but no water was then available. Alford dry planted his cotton, but by reason of no rain and no water from the district he failed to make a crop.

Alford had no prior notice, nor any reason to believe that Polis would violate his contract and fail to pay the flat rate. Until February 1st Polis could have paid the flat rate, and until that date Alford could reasonably assume that Polis would comply with his agreement rather than breach it.

■ "Since the purpose of the rule concerning damages is to put the injured party in as good a position as he would have been put by full performance of the contract at the least necessary cost to the defendant, the plaintiff is never given judgment for damages for losses that he could have avoided by reasonable effort without risk of other substantial loss or injury." 5 Corbin on Contracts, § 1039. The rule is stated by the Supreme Court: "Where a party is entitled to the benefits of a contract and can save himself from damages resulting from its breach at a trifling expense or with reasonable exertions, it is his duty to incur such expense and make such exertions; * * *." Walker v. Salt Flat Water Co., 128 Tex. 140, 96 S.W.2d 231, 232, 97 SW. 2d 460.

■ The law refuses to award damages which Alford might reasonably have mitigated after a breach by Polis. Jones v. George, 61 Tex. 345. It does not follow, however, that Alford should have performed for Polis prior to his breach on February 1, 1952. While Alford should reasonably avoid the consequences of a breach, he is not bound to avoid the breach itself. 5 Williston on Contracts, § 1353. When Polis breached his contract, Alford's right to water was cancelled, and he was forced from the top of a list which would have afforded him water to the bottom of the list, which rendered it unavailable. The trial court refused to find that Alford's payment after breach by Polis would have restored him to his priority for water. It found that such payment by Alford probably would have increased the yield of his crop, but whether the increase would have been substantial or negligible is unknown. "The burden of proving that losses could have been avoided by reasonable effort and expense must always be borne by the party who has broken the contract." 5 Corbin on Contracts, § 1039, p. 212; Morgan v. Young, Tex.Civ.App., 203 S.W.2d 837, 848; 25 C.J.S., Damages, § 144e. Conflicts in the testimony and matters of credibility were determined by the trial court. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

The judgment is affirmed.