**OTTO GOEDECKE, INC., Appellant,**

v.

**T. H. HENDERSON, Appellee.**

No. 7444.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 22, 1965.

Rehearing Denied March 22, 1965.

Key, Carr & Clark, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

DENTON, Chief Justice.

This is a suit for breach of contract. Otto Goedecke, Inc. contracted in writing in December of 1960 and January of 1961 to purchase 1300 bales of cotton of certain grade and staple at specified prices from T. H. Henderson. Upon the failure of Henderson to deliver 345 of the 1300 bales contracted for, Goedecke filed this suit for damages. Based upon the jury's answers to special issues submitted the trial court entered judgment for Goedecke for $261.59 which represented its loss from weight and storage penalties and price errors on the cotton actually delivered by Henderson. The other relief sought was denied. From such judgment Goedecke has perfected this appeal.

In response to the special issues the jury found Henderson did not repudiate the contract prior to May 1, 1961; that the type and quality of cotton contracted for could not be bought in the open market nearer to Lubbock than Houston during the period from May 1 through June 23, 1961; that Goedecke did not use reasonable diligence in purchasing cotton to replace that contracted for prior to June 1, 1961; that Goedecke was damaged $261.59 as stated above; in response to Special Issue No. 7 the jury found that the reasonable value of cotton of the type and quality contracted for in Lubbock between May 1 and June 23 was

"$7.82 per bale diff times 345 bales equals $2697.90." The jury failed to answer two special issues inquiring if the failure of Goedecke to pay drafts Henderson drew on the Houston bank constituted a material breach of a contract; and the conditional issue inquiring if Henderson waived such breach.

Both parties filed trial amendments. Plaintiff pleaded an alternate measure of damages of the difference between the contract price and the reasonable value of the cotton which the defendant failed to deliver at the time and place the contract was repudiated. Plaintiff further pleaded the date and place of repudiation was after May 1, 1961 at Lubbock, Texas. The defendant Henderson pleaded alternatively by trial amendment that if it should be held the defendant breached or repudiated the contract the plaintiff failed and neglected to exercise due diligence to purchase cotton to replace that which was not delivered by the defendant. These alternative pleadings formed the basis for the submission of Special Issues Nos. 3 and 7.

It is well settled that where a seller has wrongfully neglected or refused to deliver goods to the buyer under a written contract, the measure of damages is the difference between the contract price and the market value of the undelivered goods at the agreed time and place of delivery. Ullman, Lewis & Co. v. Babcock, 63 Tex. 68; West Lumber Co. v. C. R. Cummings, (Comm.App.), 228 S.W. 911, (Opinion Adopted); Lathrop-Marshall Grain Co. v. Nash, (Tex.Civ.App.), 282 S.W. 824; Harkey v. Hindman, (Tex.Civ.App.), 19 S.W.2d 151. If there is no market at the place of delivery, the market value at the nearest point where there is such a value may be taken with the addition of costs of transporation. Steinlein v. S. Blaisdell, Jr. Co., (Tex.Civ.App.), 44 S.W. 200; Woldert Grocery Co. v. Veltman, (Tex.Civ. App.) 83 S.W. 224; Barnes v. Early-Foster Co., (Tex.Civ.App.), 228 S.W. 248; 51 Tex.Jur.2d., Sales, Section 461. In the absence of a market at Lubbock, as found by the jury, the trial court submitted the correct measure of damages in Special Issue No. 7. Such issue was supported by the pleadings of plaintiff's trial amendment.

The jury finding, supported by defendant's trial amendment, that plaintiff lacked reasonable diligence in not purchasing cotton prior to June 1, 1961, is not a bar to plaintiff's recovery of damages for the breach of the contract. The lack of diligence on the part of the plaintiff to purchase other cotton only bars a recovery of whatever part of the damages resulting from his own lack of diligence to minimize the damages which result from the seller's breach of contract. Belcher v. Missouri K. & T. Ry. Co., 92 Tex. 593, 50 S.W. 559; Morgan v. Young, (Tex.Civ.App.), 203 S.W.2d 837, (Refused, NRE); Polis v. Alford, (Tex.Civ.App.), 273 S.W.2d 79, (Error Refused). The duty to mitigate damages does not come into play until the injured party has notice of the breach of contract. Morgan v. Young, supra; Western Union Telegraph Co. v. Federolf, (Tex. Civ.App.), 145 S.W. 314. A defendant who asserts that a plaintiff has failed to prevent or minimize damages in such cases has the burden of proving not only the lack of diligence, but also the amount by which the damages were increased by such failure. Morgan v. Young, supra; Blocher v. McArthur, (Tex.Civ.App.), 303 S.W.2d 529, (Refused, NRE); Tortuguero Logging Operation, Ltd. v. Houston, (Tex.Civ.App.), 349 S.W.2d 315 (Refused, NRE); Brown Supply Co. v. Rushing, (Tex.Civ.App.), 361 S.W.2d 728. The defendant has failed to sustain the burden of showing the extent to which plaintiff's damages were increased, if any, because of its lack of diligence in purchasing other cotton.

For the reasons stated the judgment of the trial court is reversed and remanded.